CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY *v.* STATE.

Opinion delivered December 24, 1904.

1. CARRIER—DISCRIMINATION AGAINST SHIPPER.—Under the act of March 11, 1899, section 11, making it unlawful for any person or corporation engaged "in the transportation of passengers or property by railroad in this State * * * to make any preference in furnishing cars or motive power," and providing that all persons or corporations so engaged "shall furnish, without discrimination or delay, equal and sufficient facilities for * * * the receiving, loading and unloading, storing, carriage and delivery of all property of a like character," etc., and imposing a penalty for violation thereof, *held,* that the refusal of a railroad company to furnish to a shipper cars to be placed on its track to be loaded by wagon, which might seriously interfere with the company's business, although it was furnishing cars to shippers who had private spur tracks, and who loaded by tipple, did not constitute an actionable discrimination or preference. (Page 374.)

2. SAME—RIGHT TO MAKE RULES.—A railroad company has a right to make reasonable regulations, upon which it will receive the commodities it undertakes to carry. (Page 376.)

Appeal from Sebastian Circuit Court, Fort Smith District.

STYLES T. ROWE, Judge.

Reversed.

E. B. Peirce, for appellant.

Ben Cravens, Prosecuting Attorney, Hill & Brizzolara, for appellee.

WOOD, J.    This is a suit to recover of appellant penalties, under the act of March 11, 1899, for alleged unlawful discrimination against one Arthur L. Rogers in failing to furnish him cars for shipping coal, while furnishing same to other shippers at the same station.    The facts alleged to constitute discrimination do not differ in essential particulars from the facts relied on in the case of Harp v. Choctaw, Oklahoma & Gulf R. Co., recently exhaustively considered by the learned Federal Court of the Western District of Arkansas, in 118 Fed. Rep. 169, and again on appeal by the Circuit Court of Appeals in 125 Fed. Rep. 445.    The law declared in those cases on the question of unlawful discrimination is well supported by authority.    Moreover, the Harp case is thoroughly in line with the doctrine announced by this court in Little Rock & Ft. S. Ry. Co. v. Oppenheimer, 64 Ark. 271.    We follow the Harp case, and adopt the following language of Judge Thayer as strictly applicable to the undisputed facts in this record: "The idea conveyed by the word 'preference' is, that, as between two persons occupying the same situation or relation to the carrier, one has been preferred over the other or granted certain privileges or facilities that were not extended to the other. Such is not the case which the evidence discloses.    The plaintiff had not provided himself with a spur track leading to his mine for the storage of cars, while other shippers had done so. He desired to make use of the defendant's sidetrack to stand cars thereon while he loaded them by the slow process of hauling coal to the station in wagons and shoveling it thence into the cars.    The privilege which he demanded was essentially different from that accorded to other shippers who had built spur tracks on which cars could be placed and hauled by the defendant with much less inconvenience and risk than when standing on its house tracks, which it used for handling other commodities, and for switching purposes, and probably used at times for the passage of trains. We fail to see how the delivery of cars to other shippers of coal on spur tracks which they had caused to be built can be fairly said to have been a preference extended to

them, or a discrimination against the plaintiff, who desired to use the defendant's house tracks. The privilege which the plaintiff demanded was not accorded to other shippers nor a substantially similar privilege. We think, therefore, that he has no just cause for complaint on this ground."

Learned counsel seek to differentiate the facts of the Harp case from the facts shown in this case by setting out certain things that were proved in the Harp case that appellant did not prove in this case. But these were nonessentials. In the Harp case defendant may have proved more than was necessary to make good its defense. In this case it established enough.

The testimony of Rogers shows conclusively that he was demanding cars to be placed on the tracks of the appellant at Hartford, which were used by the railroad company in its general business, to be loaded by him with wagon. And at the time he was demanding these cars to be so placed appellant was furnishing cars to shippers who had private spur tracks that were only used for the purpose of hauling coal, and did not interrupt the company's general business at all. On these spur tracks running out to the mines the cars were placed, and, except for a very short interval, the shippers all loaded the cars with coal by tipple, and not by wagon. To constitute actionable discrimination, the law contemplates an undue preference, some undue, unjust or unreasonable discrimination. Const. Ark., art. 17, § 3, *Little Rock & Fort S. Ry. Co.* v. *Oppenheimer,* 64 Ark., *supra.* So long as those who are in substantially the same situation with reference to the carrier and the commodity to be shipped are treated with the same consideration and accorded the same privileges, there can be no actionable discrimination. And there can be no actionable discrimination between those whose situations and relations to the carrier with reference to the commodity to be shipped are so different as to justify or demand a difference in treatment.

For example, in the matter of furnishing cars for the shipment of coal from any given station, the railway company may, and doubtless should, adopt a different rule for those who load by tipple on cars placed on their own private tracks used exclusively for handling coal from that it applies to those who load by wagon on cars placed on the tracks of the company used for their general business. For in the former case the carrier would not

be seriously interrupted in the discharge of its duty to the public in the transportation of passangers, as well as all classes of freight, while in the latter case it would be. It is conceded, and the law is well settled, that the railroad company had a right to make reasonable regulations upon which it would receive the commodities that it undertook to carry. In view of the serious impediment that would be placed in the way of the railway company in the conduct of its business and the discharge of its duties to the traveling and shipping public, should the demands of appellee to be furnished cars in the manner indicated be complied with, we think the conditions imposed upon him and other shippers similarly situated for the receiving and shipping of coal were not unreasonable. See especially opinion of Judge Rogers on this point in Harp case, *supra.*

We find nothing in the record to warrant the conclusion that the difference in treatment of shippers at Hartford in the matter of furnishing coal cars was for the purpose of favoring one shipper's business over that of another. All in the same situation were treated exactly alike, and the conduct of the railroad company in the premises seem to have been superinduced by a desire to serve the public in the safest and most expeditious manner, rather than by a desire to pull down one man's business while building up another's.

The statute making it the duty of the railway companies under the law to "furnish, without discrimination or delay, equal and sufficient facilities," affords appellee ample remedy for all damages he may have sustained by reason of any failure upon the part of the appellant to furnish him any facilities for transportation to which he may have been entitled. But this is not an action for failing to furnish facilities.

Appellee seeks to recover under a highly penal statute for unlawful discrimination. To do this he should bring his case within the prerequisites declared in *Little Rock & Ft. S. Ry. Co.* v. *Oppenheimer,* and *Harp* v. *Choctaw, O. & G. R. Co., supra.* The thoroughness with which these cases were considered has saved us much labor in this. The writer did not concur in the Oppenheimer case, and, were this an original question with us, might have a different view now. While the facts in the Oppenheimer case were different, the principle announced and applicable

there is the same here.    Many other questions were presented, but it is unnecessary to decide them.

The judgment is reversed, and the cause remanded for new trial.

McCULLOCH, J., (concurring.)    I do not agree with the majority of the court, and think that the refusal to furnish cars, under the state of facts described, was an actionable discrimination; but, as the cars were demanded, in this instance, for use in shipping coal out of the State, it was the initial step in an interstate commerce transaction, and falls within the exclusive Federal authority.    I concur in the judgment for that reason only.

HILL, C. J., disqualified.